## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 18-24824-CV-WILLIAMS
### MAGISTRATE JUDGE REID

CARLUS MCKAUFMAN,

      Petitioner,

v.

JIMMY COKER,

      Respondent.

### <u>REPORT OF MAGISTRATE JUDGE</u>

Petitioner has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 attacking the constitutionality of his judgment of conviction in Case No. F11-2920, Eleventh Judicial Circuit of Florida, Miami-Dade County. The undersigned has reviewed the entire record, including the operative § 2254 petition. [ECF No. 1]. As discussed below, the petition should be DENIED.

### I.    Background

A.   <u>State Court</u>

On February 14, 2011, the state charged petitioner with: (1) kidnapping with a weapon (count one); (2) aggravated battery with a deadly weapon (count two); (3) sexual battery by threat (count three); (4) assault (count four); (5) battery (count

five); (6) aggravated battery with great bodily harm (count six); and (7) possession of a firearm by a convicted felon (count seven). [ECF No. 25-1 at 83[1]].

Petitioner represented himself at a jury trial that started on May 20, 2013. [ECF No. 26-2 at 37]. The jury convicted petitioner of: (1) the lesser-included offense of kidnapping (count one); (2) the lesser-included offense of battery (count two); (3) sexual battery by threat (count three); and (4) the lesser-included offense of felony battery (count four). [ECF No. 25-2 at 9-12]. The jury acquitted petitioner of possession of a firearm by a convicted felon (count seven). [*Id.* at 13].

The court sentenced petitioner to thirty years' imprisonment on count one, a 20-year consecutive sentence on count three, a 5-year concurrent sentence on count four, and a concurrent 364-day sentence on count two. [ECF No. 26-6 at 97-98].

Petitioner appealed and the Third District Court of Appeals ("Third District") affirmed without comment. [ECF No. 25-2 at 113; ECF No. 25-3 at 49[2]].

B.   <u>Federal Court</u>

While his prosecution was pending, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 generally alleging that the state had violated his right to speedy trial. *McKaufman v. Cummings*, Case No. 13-21532-CV-

---

[1] All page citations to ECF entries refer to the page-stamp number at the top, right-hand corner of the page.

[2] Petitioner engaged in extensive *pro se* litigation in state court both prior to and after his conviction. The undersigned will address the relevant aspects of this litigation in the discussion section of this report. *Infra* Part III.

MORENO (S.D. Fla. Apr. 3, 2013), ECF No. 1. The court dismissed the case for failure to exhaust administrative remedies and denied a certificate of appealability. *McKaufman v. Cummings*, Case No. 13-21532-CV-MORENO (S.D. Fla. Oct. 18, 2013), ECF No. 12. The Eleventh Circuit denied a certificate of appealability. *McKaufman v. Cummings*, Case No. 13-21532-CV-MORENO (S.D. Fla. Mar. 16, 2015), ECF No. 28. Pertinently, the Eleventh Circuit reasoned that petitioner's "claims [were] not cognizable on federal habeas review because they centered on issues of his state-law right to a speedy trial, despite references to federal law." Order at 4-5 (citations omitted), *McKaufman v. Cummings*, Case No. 13-21532-CV-MORENO (S.D. Fla. Mar. 16, 2015); *see also Davis v. Wainwright*, 547 F.2d 261, 264 (5th Cir. 1977) (violation of the Florida speedy trial rule, Florida Rule of Criminal Procedure 3.191, "is merely a violation of a state procedural rule which . . . is not reviewable by the Federal Courts on a petition for habeas").[3]

After the conclusion of his state post-conviction litigation, petitioner timely filed his § 2254 petition. [ECF No. 1]. The state filed a response, [ECF No. 24], along with supporting documentation, [ECF Nos. 25-26, 34]. Petitioner replied. [ECF No. 32].

---

[3] *Davis* is precedential in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

## II.    Legal Standard Under 28 U.S.C. § 2254(d)

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting

federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication of the claim--
>
>> (1) resulted in a decision that was contrary to, or involved
>> an unreasonable application of, clearly established Federal
>> law, as determined by the Supreme Court of the United
>> States; or
>>
>> (2) resulted in a decision that was based on an
>> unreasonable determination of the facts in light of the
>> evidence presented in the State court proceeding.

Under § 2254(d)(1)'s "contrary to" clause, courts may grant the writ if the

state court: (1) reaches a conclusion on a question of law opposite to that reached by

the Supreme Court; or (2) decides a case differently than the Supreme Court has on

materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

Under its "unreasonable application" clause, courts may grant the writ if the state

court identifies the correct governing legal principle from the Supreme Court's

decisions but unreasonably applies that principle to the facts of the case. *Id.* at 413.

"[C]learly established Federal law" consists of Supreme Court "precedents as of the

time the state court renders its decision." *Greene v. Fisher*, 565 U.S. 34, 38 (2011)

(citation and emphasis omitted).

An unreasonable application of federal law differs from an incorrect application of federal law. *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citation omitted). Under this standard, "a state prisoner must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Courts "apply this same standard when evaluating the reasonableness of a state court's decision under § 2254(d)(2)." *Landers v. Warden*, 776 F.3d 1288, 1294 (11th Cir. 2015). That is, "[a] state court's . . . determination of facts is unreasonable only if no 'fairminded jurist' could agree with the state court's determination." *Id.* (citation omitted).

Under § 2254(d), "where the decision of the last state court to decide a prisoner's federal claim contains no reasoning, federal courts must "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). "It should then presume that the unexplained decision adopted the same reasoning." *Id.*

### III.   Discussion

A.   Claim One

1.   *Relevant Background*

Petitioner was indicted on February 14, 2011 and arrested on June 29, 2011. [ECF No. 25-3 at 9]. The court appointed a public defender to represent him on July 6, 2011. [ECF No. 25-1 at 78]. On October 20, 2011, counsel moved for and obtained a continuance of trial. [*Id.* at 76].

On December 8, 2011, petitioner filed a *pro se* demand for speedy trial and a motion to discharge counsel. [*Id.* at 93-94]. He contended that counsel obtained a continuance without his consent and against his instruction to protect his right to a speedy trial. [*Id.* at 93]

On December 20, 2011, the trial court held a hearing on petitioner's motion, at which counsel did not appear. [ECF No. 26-1 at 2-3]. The trial court noted that petitioner had been charged with "very serious crimes" and expressed concern about petitioner's ability "of representing [himself]." [*Id.* at 3]. Furthermore, the court stated that counsel was "a very fine defense attorney." [*Id.* at 4]. Therefore, the court told petitioner that the case would go to trial on February 21, 2012 without any

further continuances if petitioner withdrew his motion, which petitioner did. [*Id.* at 4-7].[4]

At a February 9, 2012 hearing, counsel stated that he needed a continuance to depose the victim, who was "not in the territorial jurisdiction of Miami Dade any longer." [*Id.* at 12]. The prosecutor also stated that he needed "to do some additional depos." [*Id.* at 13]. Therefore, the court continued trial until April 16, 2012. *See* [*id.*]

On February 16, 2012, petitioner filed a *pro se* motion to discharge counsel and void continuances. [ECF No. 25-1 at 99-100]. On February 21, 2012, petitioner filed a *pro se* notice of expiration of trial time and motion for discharge. [*Id.* at 96-97].

On February 24, 2012, the court held a hearing. [ECF No. 26-1 at 16]. Petitioner argued that the trial court violated due process because he "made an informed decision to withdraw his speedy trial [demand] and discharge counsel based on [the court's] stipulation" that the case would go to trial on February 21 if petitioner withdrew those motions. [*Id.* at 19]. The trial court said that, even had petitioner asked for a continuance, the court would not have granted it because the court was "in the middle of [a] trial" on February 21. [*Id.* at 19-21]. Petitioner

---

[4] At a hearing held on May 31, 2012, the trial court vigorously disputed petitioner's contention that it had entered into an "agreement" or a "stipulation" with him that the trial would be held on February 21, 2012. [ECF No. 26-7 at 4-5].

responded that, when the court made that alleged stipulation, it must have known that it was going to be in trial on February 21. [*Id.* at 21].

Although the court found that counsel had "not been ineffective," the court discharged counsel based on petitioner's request. [*Id.* at 32]. However, the court declined to void the continuance to April 16. [*Id.* at 32, 24].

## 2.    *Petitioner's Argument*

Petitioner contends that the trial court violated due process by failing to fulfill promises that induced him to withdraw his demand for speedy trial and motion to discharge counsel. [ECF No. 1 at 19]. Petitioner contends that, had the trial court "honored the terms of the agreement[,] there was a more than likely chance that [the charges] would have been discharge[d]." [*Id.*] This is because the victim, who "had moved out of the jurisdiction of the state," would not have been able attend trial on February 21, 2012. *See* [*id.*] In support, petitioner cites *Santobello v. New York*, 404 U.S. 257 (1971). Petitioner also alleges, conclusorily, that the court's "breaching the "agreement by granting the continuance" "violated his right to speedy trial." [*Id.* at 23].

Petitioner raised this claim at the February 24, 2012 hearing and twice before the Third District. *See* [ECF No. 25-2 at 44-46; ECF No. 25-3 at 112-14, 123-25]. In the first case, the Third District affirmed but did not address this argument because it affirmed the trial court's denial of petitioner's petition for writ of habeas corpus

without comment. *Compare* [ECF No. 25-2 at 53], *with* [ECF No. 25-6 at 52-53]. Yet, the habeas petition filed in the trial court asserted the distinct claim that petitioner's speedy trial rights had been violated. [ECF No. 25-1 at 107-20]. In the second decision, the Third District dismissed the due process claim petitioner raises here on procedural grounds. [ECF No. 25-4 at 5].

Thus, neither of these Third District decisions was an adjudication on the merits. Furthermore, the state does not argue here that this due process claim is unexhausted and/or procedurally barred. *See* [ECF No. 24 at 25-27]. Therefore, the undersigned reviews this claim *de novo*. *See Lawrence v. Sec'y, Fla. Dep't of Corr.*, 700 F.3d 464, 481 (11th Cir. 2012) (citation omitted).

### 3.    *Discussion*

Errors that significantly "infuse[] the trial with unfairness [may] deny due process of law." *See Estelle v. McGuire*, 502 U.S. 62, 75 (1991) (citation omitted). Furthermore, "the Due Process Clause clearly requires a fair trial in a fair tribunal, before a judge with no actual bias against the defendant." *Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997) (citations omitted). Petitioner has the burden of proof on his due process claim, even under *de novo* review. *See Garlotte v. Fordice*, 515 U.S. 39, 46 (1995) ("[T]he habeas petitioner generally bears the burden of proof[.]")

Here, petitioner has not shown that the trial court's failure to hold a trial on February 21 violated due process. Petitioner faced serious charges and the trial court

was concerned about his ability to adequately represent himself. Thus, petitioner has not shown that the trial court was acting unfairly or with bias when it proposed going to trial on February 21 in lieu of dismissing counsel.

Furthermore, while the trial court did not hold the trial on that date, it said that it would not have been able to anyway. Petitioner's conclusory allegations fail to show that the trial court knew--or even should have known--that it would be in trial on that date. Consequently, petitioner cannot show that the trial court's incorrect prediction prejudiced him.

Moreover, petitioner has failed to show that the victim would not have been able to testify on February 21. The mere fact that she lived out of state at that time, without more, does not compel the inference that the state could not have secured her presence for trial. The victim testified at petitioner's trial, which supports a contrary inference. *See generally* [ECF No. 24 at 16-18 (citations omitted)]. And the state presented other evidence of petitioner's guilt. *See* [*id.* at 14-16 (citations omitted)].

Petitioner's citation to *Santobello* is inapposite. *Santobello* held that "a defendant may not be bound to a plea agreement following a prosecutorial breach of an enforceable provision of such an agreement." *Kernan v. Cuero*, 138 S. Ct. 4, 8 (2017) (per curiam) (citing 404 U.S. at 262). Petitioner's claim here does not involve such issues.

10

Petitioner also states, conclusorily, that the trial court's incorrect prediction regarding a February 21 trial violated his right to speedy trial. [ECF No. 1 at 23]. But this contention is too conclusory to warrant relief under § 2254. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Habeas corpus petitions must meet heightened pleading requirements." (citing Rule 2(c), Rules Governing § 2254 Cases)). Moreover, the purported speedy trial claim is "not cognizable on federal habeas review because [it is] centered on the issue of his state-law right to a speedy trial, despite references to federal law." *Compare* [ECF No. 25-5 at 130-31 (citations omitted)], *with* [*id.* at 129 (raising essentially the same claim as claim one here)].

In sum, claim one lacks merit.

B.   Claim Four

Claim four rehashes claim one. Petitioner contends that he was "arbitrarily denied a state-created liberty interest in violation of . . . due process" because the trial court allegedly violated its "agreement" at the December 20, 2011 hearing to allow him to go to trial on February 21, 2012. [ECF No. 1 at 41]. This claim fails for the same reasons as claim one.[5]

---

[5] In its response here, the state incorrectly states that claim four is a claim of ineffective assistance of counsel. [ECF No. 24 at 37].

C.   Claim Two

Petitioner contends that the trial court violated his rights under *Faretta v. California*, 422 U.S. 806 (1975), apparently by not holding a hearing to determine whether he had asserted the right to self-representation and waived the right to counsel. *See* [ECF No. 1 at 27]. On direct appeal, the Third District rejected this claim without comment. [ECF No. 25-2 at 131; ECF No. 25-3 at 49].

Generally, the state may not "force a lawyer upon [the defendant] . . . when he insists that he wants to conduct his own defense." *Faretta*, 422 U.S. at 807. "Before a court permits a defendant to represent himself at the trial, the defendant must clearly and unequivocally assert the right of self-representation." *Fitzpatrick v. Wainwright*, 800 F.2d 1057, 1064 (11th Cir. 1986) (citations omitted). "[A] trial judge should normally conduct a waiver hearing to [en]sure that the defendant understands the disadvantages of self-representation . . . ." *Id.* at 1065. "The failure to do so, however, is not error [under *Faretta*] . . . . [i]f the trial record shows that a defendant knowingly and voluntarily elected to represent himself[.] . . ." *Nelson v. Alabama*, 292 F.3d 1291, 1295 (11th Cir. 2002); *see also Strozier v. Newsome*, 926 F.2d 1100, 1105 (11th Cir. 1991) ("As long as the record establishes that the defendant understood the risks of self-representation and freely chose to face them, the waiver may be valid.").

Here, the Third District reasonably rejected this claim. The record does not reflect that the trial court forced a lawyer on petitioner at the December 20, 2011 hearing. Rather, the trial court expressed concern that petitioner could not adequately represent himself given the seriousness of the charges, after which petitioner agreed to withdraw is motion to discharge. Although the court stated that the trial would take place on February 21, 2012 if petitioner did so, there is no indication that this tentative understanding constituted forced or coerced representation. Rather, the record indicates that petitioner made a voluntary and calculated decision to continue with representation at that time.

Then, at the February 24 hearing, the court granted petitioner's motion to discharge counsel. In so doing, the court engaged petitioner in an extensive colloquy regarding the advantages and disadvantages of this decision. [ECF No. 26-1 at 18, 20-22, 26-34].

On these facts, the Third District reasonably concluded that the trial court did not violate petitioner's rights under *Faretta* at the December 20, 2011 hearing, or at any other time. Thus, its decision was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts.

D.    Claim Ten (A)[6]

Claim ten is a rehash of claims one, two, and four. [ECF No. 1 at 65]. Petitioner contends that the trial court was biased against him because it did not hold a *Faretta* hearing on December 20 and breached its "agreement" to allow him to go to trial on February 21 if he withdrew his supposed speedy trial demand and motion to discharge. *See* [*id.*]

This claim fails for the same reasons that claims one and two fail. Again, the trial court's statement that the trial would be held on the February 21 if petitioner withdrew his motion reflected a concern about petitioner's ability to represent himself given the seriousness of the charges and a belief that counsel, whom the court deemed a "very fine defense attorney," could do so more effectively. After this discussion, petitioner agreed to keep counsel. Petitioner has not adequately alleged that this erroneous prediction reflected "actual bias against [him] or interest in the outcome of his particular case." *See Bracy*, 520 U.S. at 904-05. Moreover, when petitioner later insisted that counsel be discharged, the court held a *Faretta* hearing and allowed him to represent himself. Nothing on these facts suggests actual bias, or even the appearance of bias, from the trial court.

In sum, this claim lacks merit.

---

[6] Petitioner designated two claims as claim ten in his federal petition. [ECF No. 1 at 65, 67, 69].

E.      Claim Six

1.      *Petitioner's Argument*

Petitioner contends that the state violated his Sixth Amendment right to speedy trial because he was arrested on June 29, 2011 and the trial did not occur until May 20, 2013. [ECF No. 1 at 53]. In support, he contends that he repeatedly asserted this right. [*Id.* at 55].

Petitioner raised this claim in a habeas petition filed in the trial court. [ECF No. 25-1 at 107-20]. The trial court denied the claim on state-law speedy trial grounds without expressly addressing the federal standard. [ECF No. 25-6 at 52-53]. The Third District affirmed without comment. [ECF No. 25-2 at 53]. Its silent rejection of the federal speedy trial claim was presumptively an adjudication on the merits under § 2254(d). *See Johnson v. Williams*, 568 U.S. 289, 292-93 (2013). Neither party has alleged, much less shown, otherwise here.

2.      *Relevant Background*

As discussed, over petitioner's objection, the trial court had continued the trial to April 16, 2012. The trial court held a hearing on April 11, 2012. [ECF No. 26-1 at 38]. Over petitioner's objection, the trial court issued a joint continuance to April 30, 2012 so that the parties could arrange depositions. [*Id.* at 39-44].

The prosecutor stated that she had been waiting for petitioner to notice depositions. [*Id.* at 39]. Petitioner contended that another prosecutor stated at the

February 24 hearing that he would arrange depositions with petitioner at his prison. [*Id.* at 39-43]. At that hearing, the prosecutor initially stated that he needed petitioner "to send [him] a letter of the dates that are available at the jail." [*Id.* at 35]. Petitioner replied, "Every day," upon which that prosecutor stated, "I'll to have [sic] talk to corrections." [*Id.*] At the April 11 hearing, the trial court found that the joint continuance to April 30 was warranted because of this "misunderstanding." [*Id.* at 41].

On April 30, 2012, the trial court held a hearing on petitioner's notice of expiration of speedy trial time and motion to dismiss the case. [ECF No. 25-1 at 105; ECF No. 26-1 at 47]. The prosecutor stated that petitioner still needed to take many depositions and that, while he was doing his best to facilitate them, petitioner "need[ed] the proper notices and to make the reservations." [ECF No. 26-1 at 50]. Petitioner stated that he was willing to waive depositions and go to trial that day. [*Id.*] The prosecutor stated that there were "witnesses [he] didn't fly in." [*Id.* at 51]. Petitioner stated that the court could "go ahead and set this [trial]" for a new date, apparently within fifteen days. *See* [*id.* at 53]. The court rescheduled the trial for May 29, 2012. [*Id.* at 53]. Petitioner said that was "okay" and that he was "willing to go forward" on that date. [*Id.* at 54].

On May 14, 2012, the trial court held a hearing. [*Id.* at 58]. The prosecutor asked for a continuance because he would be out of town around May 29. [*Id.* at 59].

Petitioner asked the court to dismiss the case because he was not tried within fifteen days of April 30. [*Id.* at 59-60]. The prosecutor argued that petitioner waived a speedy trial under state law and did not file a proper demand for speedy trial. [*Id.* at 60-61]. Petitioner agreed that he did not file a demand. [*Id.* at 62]. The court granted the state a continuance and rescheduled the trial for June 25. [*Id.* at 63, 65].

On May 26, 2012, petitioner filed a notice of expiration of speedy trial time and motion to dismiss, which the trial court denied. [ECF No. 25-1 at 137, 139]. At a May 31 hearing on this motion, the prosecutor represented that defense counsel waived his "natural speedy time period . . . twice, . . . first on . . . October 20th, 2011, and again on February 9th, 2012[] because [t]hose were both defense continuances." [ECF No. 26-7 at 4]. The court reiterated that the trial was set for June 25 and removed petitioner from the courtroom for using profanity. [*Id.* at 11-12].

Although petitioner filed a speedy trial demand on June 5, 2012, he withdrew it on December 19, 2012. [ECF No. 25-1 at 141].

On June 5, 2012, petitioner appealed the trial court's denial of his habeas petition. The Third District affirmed on March 6, 2013. [ECF No. 25-2 at 53].

On March 29, 2013, petitioner filed a speedy trial demand in the trial court, [ECF No. 25-1 at 143]. The trial court denied it for lack of jurisdiction because the Third District had yet to issue its mandate. [ECF No. 25-2 at 2, 57].

After the Third District issued its mandate, petitioner filed a motion to dismiss on speedy trial grounds, which the trial court denied. [*Id.* at 4].

Petitioner's trial began on May 20, 2013. [ECF No. 26-2 at 37].

### 3.    *Discussion*

"The Sixth Amendment guarantees that '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial.'" *Vermont v. Brillon*, 556 U.S. 81, 89 (2009) (alteration in original). To determine whether a defendant's speedy trial rights have been violated, courts consider the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). "*Barker*'s formulation 'necessarily compels courts to approach speedy trial cases on an *ad hoc* basis[.]'" *Brillon*, 556 U.S. at 91 (quoting 407 U.S. at 530). This "'balancing test'" requires the court to weigh the "conduct of both the prosecution and the defendant" and assign "'different weights . . . to different reasons.'" *Id.* (quoting *Barker*, 407 U.S. at 529, 531). Where the balance of factors is close or in equipoise, the petitioner is not entitled to federal habeas relief. *See Sneed v. Fla. Dep't of Corr.*, 496 F. App'x 20, 25 (11th Cir. 2012) (per curiam); *cf. Vermont v. Brillon*, 556 U.S. at 91 ("[T]he balance arrived at in close cases ordinarily would not prompt this Court's review.").

Here, based on the balance of the *Barker* factors, the Third District reasonably rejected this claim. The state indicted petitioner on February 14, 2011 and tried him

over two years and three months later on May 20, 2013. Therefore, factor one favors petitioner. *See Doggett v. United States*, 505 U.S. 647, 651-52 & n.1 (1992) (indicating that a one-year delay is "presumptively prejudicial" insofar as it requires the court to engage in *Barker*'s balancing test).

Factor two, the reason for the delay, favors the state. The record reflects that defense counsel and petitioner caused most of the attributable delay. The record does not reflect what caused the delay from the February 14, 2011 indictment to October 20, 2011, when defense counsel obtained a continuance. Notably, though, petitioner was not arrested until June 29, 2011 and counsel was not appointed until July 6, 2011. Petitioner has not shown that any of this delay is attributable to the state.

Defense counsel caused most of the delay from October 20, 2011 to April 16, 2012 by obtaining continuances, though the prosecutor did contribute to the delay between February 9, 2012 and April 16 by stating at the February 9 hearing that he needed to take depositions too. Both the state and petitioner caused the delay between April 16 and May 29, first because of their misunderstanding about coordinating depositions and then because petitioner agreed with the prosecutor's request for a continuance to May 29. Petitioner has not shown that the trial court's finding that there was a misunderstanding about coordinating depositions was unreasonable.

The state caused the delay between May 29 and June 25 by obtaining continuances. However, petitioner caused the lengthy delay between June 25, 2012 and April 8, 2013 by appealing the trial court's dismissal of his habeas petition to the Third District. Finally, when jurisdiction returned to the trial court on April 8, it is unclear what caused the delay to the trial start date of May 20.

In sum, factor two favors the state.

Factor three, petitioner's assertion of his right, favors petitioner. The record reflects, and the state concedes here, that petitioner "doggedly" asserted his right to speedy trial. [ECF No. 24 at 32].

Factor four favors the state. Again, the thrust of petitioner's argument regarding prejudice is that the state would not have been able to secure the victim's presence for trial had the case proceeded to trial sooner. However, the record suggests otherwise. The transcript of the February 9, 2012 hearing reflects that the state was in contact with the victim and knew she lived out of state. [ECF No. 26-1 at 12]. Further, the transcript of the April 30 hearing reflects that the state had the ability to "fly in" witnesses. *See* [*id.* at 51]. And the victim testified at trial. Therefore, it is reasonable to infer that the state "could have brought the victim to trial on short notice [because] travel arrangements can be made quickly." [ECF No. 24 at 42]. Petitioner's contentions to the contrary are conclusory and speculative.

*See Tejada v. Dugger*, 941 F.2d 1551, 1561 (11th Cir. 1991) (speculation insufficient basis for § 2254 relief).

In sum, petitioner has shown at best that the *Barker* factors are close or in equipoise. He has not identified a Supreme Court decision on materially indistinguishable facts holding that a defendant's right to speedy trial was violated. Therefore, the Third District's rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts.

F.     Claim Three

1.     *Petitioner's Argument*

Petitioner contends that counsel ineffectively failed to conduct a pretrial investigation. [ECF No. 1 at 29]. Specifically, counsel allegedly failed to investigate the unavailability of the state's key witnesses, investigate and understand the Florida speedy trial rule, and object to waiver being applied to petitioner's speedy trial defense. [*Id.*]

The trial court rejected this claim on the merits. [ECF No. 25-6 at 3-44, 150-51]. The Third District affirmed without comment. [ECF No. 25-7 at 49].

21

### 2.   *Ineffective Assistance of Counsel Principles*

To establish a claim of ineffective assistance of counsel, petitioner must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To prove deficiency, he must show that his attorney's performance "fell below an objective standard of reasonableness" as measured by prevailing professional norms. *Id.* at 688. Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.

To prove prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

It is "all the more difficult" to prevail on a *Strickland* claim under § 2254(d). *Richter*, 562 U.S. at 105. As the standards that *Strickland* and § 2254(d) create are both "highly deferential," review is "doubly" so when the two apply in tandem. *Id.* (citation omitted). Thus, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable." *Id.* Rather, "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

Petitioner has the burden of proof on his ineffectiveness claim, *Holsey v. Warden*, 694 F.3d 1230, 1256 (11th Cir. 2012), as well as the burden of proof under § 2254(d), *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Here, the trial court reasonably rejected this claim. The thrust of petitioner's claim is that counsel misunderstood the Florida speedy trial rule. The trial court necessarily decided this underlying state-law issue in denying petitioner's motion for postconviction relief. *See* [ECF No. 25-6 at 151 (stating that petitioner's individual claims of error lacked merit)]; *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law . . . binds a federal court sitting in habeas corpus." (citation omitted)). The rule that a state court's interpretation of state law binds a habeas court applies to decisions of a state trial or postconviction court. *See Chamblee v. Florida*, 905 F.3d 1192, 1196-98 (11th Cir. 2018); *Branan v. Booth*, 861 F.2d 1507, 1508 & n.1 (11th Cir. 1988) (per curiam); *Garza v. Stephens*, 738 F.3d 669, 677 (5th Cir. 2013).

Furthermore, counsel could not have deficiently moved for a continuance "because scheduling issues are the province of counsel." *Fayson v. Sec'y, Fla. Dep't of Corr.*, 568 F. App'x 771, 774 (11th Cir. 2014) (per curiam); *see also New York v. Hill*, 528 U.S. 110, 115 (2000) ("Scheduling matters are plainly among those [that] counsel generally controls."); *McGill v. Fla. Dep't of Corr. Sec'y*, No. 1:15CV256/WTH/EMT, 2017 WL 9771892, at *17 (N.D. Fla. June 5, 2017)

("[U]nder Florida law defense counsel may waive a criminal defendant's speedy trial rights without first consulting the defendant, . . . and may even do so against the defendant's wishes." (citing cases)), *report and recommendation adopted*, No. 115CV00256WTHEMT, 2018 WL 2048334 (N.D. Fla. May 1, 2018).

Petitioner's contention that counsel failed to investigate the victim is also unavailing. Counsel stated at the October 20, 2011 hearing that he had yet to review the state's discovery and arrange depositions because of his busy trial schedule, and petitioner has not shown otherwise. *See* [ECF No. 25-6 at 150 ("Counsel did not purposefully misrepresent facts to the court . . . .")]. Furthermore, at the February 9, 2012 hearing, counsel asked for a continuance to depose the victim because she lived out of state and "was unavailable" to him. [ECF No. 26-1 at 12].

Petitioner seems to contend that this statement shows that the victim would not have testified had the trial taken place then. Again, however, the fact that the parties had yet to secure the victim's presence for deposition does not, without more, compel the inference that the state would not have been able to secure her presence for an earlier trial.

Furthermore, assuming *arguendo* that the victim was unavailable in late 2011/early 2012, petitioner has not shown that counsel could not have reasonably concluded that she would have continued to be unavailable. Thus, it is arguable that a reasonable attorney still would have sought a continuance to depose both the victim

and other witnesses. In this way, counsel would have been better prepared for trial and the state still would have faced the challenge of proving its case without the victim.

Moreover, even had counsel sought to go to trial in late 2011/early 2012, petitioner's conclusory allegations are insufficient to show that the court would not have granted the prosecution a continuance. At the February 9, 2012 hearing, the prosecutor joined in counsel's request for a continuance to take depositions. Likewise, at the February 24 hearing, the court stated that it would not have been able to hold a trial on February 21 because of its schedule. In short, petitioner has not shown that counsel would have been able to secure an earlier trial.

In sum, the state court's rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts.

G.   <u>Claim Five</u>

Claim five alleges the "intentional misapplication/discriminatory enforcement of state law." [ECF No. 1 at 45]. This claim challenges the state courts' application of the Florida speedy trial rule. [*Id.* at 45, 47, 49]. This claim is a rehash of, at a minimum, claims one, four, six, and ten and fails for the same reasons.

H.    Claim Seven

Petitioner contends that appellate counsel ineffectively failed to file the transcripts of the October 20, 2011 and May 31, 2012 hearings on appeal, thereby depriving him of "meaningful appellate review." [ECF No. 1 at 57]. He further contends that, had counsel done so, the outcome on appeal would have been more favorable. [*Id.* at 57, 59]. It is unclear whether petitioner alleges that appellate counsel ineffectively failed to raise a federal speedy trial claim. *See* [*id.* at 59].

Pertinently, appellate counsel argued that petitioner was entitled to reversal and remand for dismissal of charges based on the Florida speedy trial rule. [ECF No. 25-2 at 113, 127-31]. The Third District affirmed without comment. [ECF No. 25-3 at 49].

Petitioner raised this claim in a habeas petition alleging ineffective assistance of appellate counsel filed directly in the Third District. [ECF No. 25-8 at 6, 33-37]. The Third District denied the petition without comment. [*Id.* at 58].

Here, there is a reasonable argument that counsel did not deficiently fail to include these transcripts on appeal. Appellate counsel's argument based on the Florida speedy trial rule did not depend on what happened at either of these hearings. *See* [ECF No. 25-2 at 127-30].

Any contention that appellate counsel deficiently failed to raise a federal speedy trial claim on appeal would also fail. First, this apparent contention is

conclusory, which is insufficient for relief under *Strickland* or § 2254. *See, e.g.*, *Scott*, 512 U.S. at 856; *Boyd v. Comm'r, Ala. Dep't of Corrs.*, 697 F.3d 1320, 1333-34 (11th Cir. 2012).

Furthermore, the undersigned already rejected petitioner's federal speedy trial claim above. True, she did so under § 2254(d)'s deferential standard. However, even under *de novo* review, the *Barker* factors would be close. Thus, petitioner cannot show that the federal speedy trial claim would have been "plainly stronger than [the Florida speedy trial claim] actually presented to the appellate court." *See Davila v. Davis*, 137 S. Ct. 2058, 2067 (2017).

In sum, the Third District's rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts.

## I.    Claim Eight

Claim eight alleges ineffective assistance of counsel based on trial counsel's and the prosecutor's alleged misrepresentation of material facts to the trial court. [ECF No. 1 at 61]. This claim is a rehash of claim three (as well as other claims discussed above) and fails for the same reasons. It suffices to say that, in denying petitioner's related ineffectiveness claim, the trial court found that "[c]ounsel did not purposefully misrepresent facts to the court." [ECF No. 25-6 at 150]. Furthermore, the undersigned has reviewed the record and has found no apparent indication that

the prosecutor misrepresented facts to the trial court. In short, petitioner is not entitled to § 2254 relief on this redundant and conclusory claim.

J.      Claim Ten (B)

Petitioner asserts of claim of cumulative error. [ECF No. 1 at 69]. Assuming this claim is cognizable under § 2254, it "clearly fails in light of the absence of any individual errors to accumulate." *Morris v. Sec'y, Dep't of Corr.*, 677 F.3d 1117, 1132 n.3 (11th Cir. 2012).

## IV.    Evidentiary Hearing

Petitioner is not entitled to an evidentiary hearing. He "does not allege enough specific facts that, if they were true, would warrant relief." *Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1319 (11th Cir. 2016) (citations omitted). Further, the court could "adequately assess [petitioner's] claim[s] without further factual development," *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003), and "the record . . . precludes habeas relief" on his claims, *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Additionally, petitioner has not made an adequate proffer of the evidence he would introduce at an evidentiary hearing. *Jones*, 834 F.3d at 1319 (citation omitted).

## V.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.* "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id.* "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." Rule 11(b), Rules Governing § 2254 Cases.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a petitioner's constitutional claims on the merits, "a petitioner must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Here, the undersigned denies a certificate of appealability. If petitioner disagrees, he may so argue in any objections filed with the district judge. *See* Rule 11(a), Rules Governing § 2254 Cases ("Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.").

## VI.    Recommendations

As discussed above, it is recommended that petitioner's § 2254 petition [ECF No. 1] be DENIED.

It is further recommended that no certificate of appealability issue; that final judgment be entered; and that this case be closed.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar petitioner from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

SIGNED this 30th day of June, 2020.


_____
UNITED STATES MAGISTRATE JUDGE


Carlus McKaufman
M86217
Wakulla Correctional Institution
Inmate Mail/Parcels
110 Melaleuca Drive
Crawfordville

Gabrielle Raemy Charest-Turken
Office of Attorney General
Department of Legal Affairs
SunTrust International Center
One SE Third Avenue
Suite 900
Miami, FL 33131
(305) 377-5441
Fax: (305) 377-5655
Email: Gabrielle.CharestTurken@myfloridalegal.com

Noticing 2254 SAG Miami-Dade/Monroe
Email: CrimAppMIA@MyFloridaLegal.com

31